# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MARTHA ELLER, individually )
through Adam Eller, who holds )
power of attorney, and ADAM )
ELLER, individually, )
)
    Plaintiffs, ) Case No. CV410-080
)
v. )
)
LIBERTY COUNTY GEORGIA and )
CITY OF WALTHOURVILLE )
GEORGIA, )
)
    Defendants. )

## ORDER

Defendant Liberty County Georgia moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure in this Clean Water Act case involving certain drainage pipes the city and county allegedly installed on plaintiffs' land. (Doc. 12.) It asks the Court to allow it to use Rule 12(e) in precisely the manner it is forbidden to be used -- in a fishing expedition. Accordingly, its motion is **DENIED**.

Rule 12(e) of the Federal Rules of Civil Procedure permits a court to order a party to recast a pleading that is so vague or ambiguous that the

opposing party cannot reasonably prepare a response. The basis for granting a Rule 12(e) motion is unintelligibility. 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §§ 1376, 1377 (3d ed. 2004). Otherwise, courts generally disfavor motions for a more definite statement.[1] *Id.*

Here, Liberty County makes several requests indicating its intent to use Rule 12(e) to impose a heightened pleading standard upon plaintiffs. For instance, it wants the plaintiffs to amend their complaint to reveal the time period that the pipes in issue were installed, identify the source of the alleged pollutants, and identify or provide an adequate description of the Clean Water Act "navigable waters" at issue. (Doc. 12 at 7.) Those facts should be sought through discovery, not through a Rule 12(e) motion for a more definite statement. *E.g., Zolin v. Caruth*, 2009 WL 2982907 at *4 (N.D. Fla. Sept. 14, 2009) ("Pleadings are not too vague or ambiguous to enable a defendant to frame a responsive

---

[1] Liberty County suggests that the Eleventh Circuit "encourage[s] defendants to utilize Rule 12(e)" in such circumstances. (Doc. 12 at 3.) It cites to several "shotgun pleading" cases for that assertion. (*Id.* at 4.) Those cases are inapposite, as this is clearly not a "shotgun" pleading as contemplated by the Eleventh Circuit. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp.*, 305 F.3d 1293, 1295-96 (11th Cir. 2002) (noting that "the typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions").

pleading where the type of information the defendant claims is missing would be more properly obtained via discovery rather than through a motion for a more definite statement.").

Next, seizing upon an unclear factual averment in paragraph 18 of plaintiffs' complaint stating that the drainage pipes in issue "violate local, state, and federal environmental law", Liberty County asks plaintiffs to identify the specific "'environmental' law [other than the Clean Water Act], if any, that plaintiffs allege Liberty County violated" and to provide the specific factual basis for the alleged violation.[2] (Doc. 12 at 7.) Again, this is not a proper Rule 12(e) request. As long as "the moving party is able to discharge the pleading obligations under the rules, a Rule 12(e) motion based on the belief that a better affirmative pleading by an opposing party will enable the party to provide a more enlightening or accurate response will be denied." WRIGHT & MILLER § 1377. Here, Liberty County's co-defendant, the City of Walthourville, had no trouble denying the allegations in that paragraph without

---

[2] This request is a bit puzzling. Read in alongside plaintiffs' four claims (Clean Water Act, Trespass, Nuisance, and Inverse Condemnation), it seems that the complaint is sufficiently clear on that point -- the pipes allegedly violate the Clean Water Act and possibly the United States Constitution. While it is possible that they violate some other federal law, that possibility would appear to be irrelevant to this case, as a plaintiff is master of the complaint and controls what claims to assert, or not to assert. *United States v. Jones*, 125 F.3d 1418, 1428 (11th Cir. 1997) (plaintiff "selects the claims that will be alleged in the complaint."

requiring further factual development. (Doc. 14 at 6.) The Court sees no reason why Liberty County cannot do the same.

Finally, Liberty County asks that plaintiffs be ordered to identify the specific federal and/or state constitutional provisions that it violated. (Doc. 12 at 7.) It is well established, however, that a plaintiff need not plead the precise statute or law underling his claims. *See, e.g., Sams v. United Food and Commercial Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989) ("A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests."). Here, the plaintiffs claim that "the poorly designed drainage pipes . . . hav[e] the effect of an unconstitutional taking." (Doc. 1 at 6.) Plaintiffs have sufficiently detailed their theory of recovery here. At most, very specific, easily identifiable portions of the federal and state constitutions are implicated.[3] Any confusion should be addressed through legal contention interrogatories under Fed. R. Civ. P. 33(a)(2), not through Rule 12(e). Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that

---

[3] As plaintiffs note in their response, it "should be self-evident to every lawyer" that their fourth claim implicates "the Fifth Amendment of the United States Constitution, and Article I, § III, Para. I(a) of the Georgia Constitution." (Doc. 17 at 4.)

relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time").[4]

For the reasons explained above, Liberty County's motion for a more definite statement is **DENIED**.

**SO ORDERED** this 14th day of June, 2010.

G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] "'Contention' interrogatories are interrogatories that seek to clarify the basis for or scope of an adversary's legal claims. The general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required." *Starcher v. Correctional Medical Systems, Inc.*, 144 F.3d 418, 421 (6th Cir. 1998); *see also McCarthy v. Fuller*, 2010 WL 2243354, *1 (S.D. Ind. June 1, 2010) (citing the use of contention interrogatories to compensate for "fat" and "windy" complaints).

5